UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GRATIOT CENTER, LLC,

        Plaintiff,                            Case No. 16-cv-14144

v.                                                Honorable Thomas L. Ludington

LEXINGTON INSURANCE COMPANY, et al,

        Defendants.
_____/

## ORDER GRANTING MOTION TO COMPEL

After a heavy snowfall, the roof of a Saginaw, Michigan, shopping center owned by Gratiot Center, LLC, partially collapsed. Gratiot Center then contracted with Star Construction and Restoration, LLC, to perform repairs. On June 27, 2016, Star Construction filed a Complaint against Gratiot Center and a party later identified as Mountain Asset Management Group, LLC, which allegedly entered into the repair contracts with Star Construction. Compl, ECF No. 1, Case No. 1: 16-cv-12413. On November 23, 2016, Gratiot Center filed a Complaint against Lexington Insurance Company, Chubb Insurance, Liberty Mutual Fire Insurance Company, QBE Insurance, and Ace American Insurance. Compl.. ECF No. 1, Case No. 1:16-cv-14144. In the present suit, Gratiot Center is asserting a breach of contract claim against Defendants for refusing to pay $636,139.27 in losses arising out of the roof collapse. Am. Compl. at 5, ECF No. 21. Gratiot Center explains that it "has suffered damages in the amount of $636.139.27, which is the amount claimed by Star Construction [in the related case]." *Id.* at 6. Gratiot Center also asserts $70,038.52 in expenses related to Defendants' denial of coverage and $75,975.45 in legal fees across the two actions. *Id.* at 7.[1] On February 1, 2017, Gratiot Center filed a motion to consolidate the two cases,

---

[1] These numbers have risen since the filing of the amended complaint.

which was denied. ECF No. 32. Subsequently, the Court issued a scheduling order in *Gratiot Center v. Lexington Insurance Company, et al*. ECF No. 29.

*Star Construction v. Gratiot Center, LLC, et al*, has been dismissed pursuant to a stipulated order of dismissal. Case No. 1: 16-cv-12413, ECF No. 40. As part of the agreement leading to dismissal, Star Construction's counsel agreed to represent Gratiot Center in the related litigation. That substitution of counsel has occurred.

Now, Defendants have moved for an order compelling Gratiot Center to produce the settlement agreement and joint prosecution agreement it entered into with Star Construction. ECF No. 38. Gratiot Center is refusing to produce the agreements, contending that they are irrelevant. Defendants argue that "the documents are relevant because this suit must be prosecuted by the Real Party in Interest." Mot. Compel at 4. Defendants further contend that "Gratiot Center is no longer the Real Party in Interest to this suit if it has assigned its rights under the insurance policies to Star Construction." *Id.* Additionally, "each of the policies issued to Gratiot Center contain clauses barring the insured from transferring its rights under the policies and The Insurers cannot evaluate whether the terms of the policies have been breached without reviewing all the settlement documents." *Id.* at 4.

Gratiot Center disputes the relevance of the settlement agreements, but offers to provide the documents at issue to the Court for *in camera* review. Specifically, Gratiot Center contends that, even if it entered into an agreement to pay policy proceeds to Star Construction, it remains the real party in interest. Second, Gratiot Center alleges that even if an assignment has occurred, the anti-assignment provisions in the policies are unenforceable in this instance: "assignments of post-loss claims cannot be prohibited by such clauses." Pl. Resp. Br. at 8, ECF No. 39.[2]

---

[2] Defendants also request documents related to Gratiot Center's recent claim for extra expenses and legal fees. In its response, Gratiot Center indicates that it is in the process of producing those documents, and Defendants do not

**I.**

Pursuant to Federal Rule of Civil Procedure 26(b),

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.*

That standard "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Thus, "[t]he Federal Rules of Civil Procedure authorize extremely broad discovery." *Guinn v. Mount Carmel Health Sys.*, No. 2:09-CV-0226, 2010 WL 2927254, at *3 (S.D. Ohio July 23, 2010) (citing United States v. Leggett & Platt, Inc., 542 F.2d 655 (6th Cir.1976)). The information sought "need not be admissible in evidence to be discoverable." Rule 26(b).

**II.**

Gratiot Center argues that the agreements between it and Star Construction are "not relevant to any issue in this action." Resp. Mot. Compel at 3, ECF No. 39. In their motion to compel, Defendants argue that the documents are relevant for two reasons: because the agreements might reveal that Gratiot Center is not the real party in interest and because the insurance policies issued by Defendants contain an anti-transfer provision. Gratiot Center argues that neither argument is even facially cognizable in this suit.

---

mention them in their reply brief. This issue appears resolved, and the Court will not intervene absent a further request by Defendants.

Generally speaking, the underlying merits of claims and affirmative defenses should not be litigated via a motion to compel. *See State Farm Mut. Auto. Ins. Co. v. Universal Rehab Servs., Inc.*, No. 15-10993, 2016 WL 5369610, at *2 (E.D. Mich. Sept. 26, 2016) ("Universal's arguments that State Farm cannot meet its burden of proof are better left for a motion on the merits, not a motion to compel."); *Strategic Mktg. & Research Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-CV-12695, 2017 WL 1196361, at *4 (E.D. Mich. Mar. 31, 2017) ("The factual basis of ADS's claims is properly addressed at summary judgment, and 'has no bearing on whether the discovery Plaintiffs seek is relevant, particularly viewed in light of a party's broad rights to discovery under Rule 26.'") (quoting *Scooter Store, Inc. v. Spinlife.com*, LLC, No. 2:10-CV-18, 2011 WL 2160462, at *2 (S.D. Ohio June 1, 2011) (similar)). After all, the scope of discovery is not limited to "admissible" evidence or evidence supporting meritorious arguments. Rather, Defendants are entitled to discovery of "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v*, 437 U.S. at 351. Nevertheless, if the discovery which Defendants seek is only potentially relevant to a claim that could not be *reasonably* advanced given the procedural and factual setting of this suit, then the discovery sought is irrelevant. In that instance, compelling production would have insufficient benefit compared to its costs. Gratiot Center does not currently assert that the documents sought are privileged.[3] Thus, the motion to compel will be denied only if the documents bear no conceivable relevance to any nonfrivolous claim or defense which could be asserted.

---

[3] Gratiot Center has declined to advance this argument for good reason. While settlement *negotiations* are privileged, the terms of the final agreement are not. *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003); *State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, No. 12-CV-11500, 2014 WL 10294813, at *1 (E.D. Mich. Apr. 24, 2014). "The terms of a settlement agreement, even when marked confidential, are not protected from discovery by privilege." *State Farm Mut. Auto. Ins. Co. v. Universal Health Grp., Inc.*, No. 14-CV-10266, 2016 WL 6822014, at *2 (E.D. Mich. Nov. 18, 2016) (explaining that the only constraint on the discovery of settlement agreements is their relevance).

**A.**

Pursuant to Federal Rule of Civil Procedure 17(a), "[a]n action must be prosecuted in the name of the real party in interest." *See also* M.C.L. § 600.2014 ("Every action shall be prosecuted in the name of the real party in interest.").[4] The "real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law." *Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 42–43 (6th Cir. 1994). For that reason, "the action will not necessarily be brought in the name of the person who ultimately benefits from the recovery." *Reichhold Chemicals, Inc. v. Travelers Ins. Co.*, 544 F. Supp. 645, 649 (E.D. Mich. 1982). However, "[u]nder present law an assignment passes the title to the assignee so that the assignee is the owner of any claim arising from the chose and should be treated as the real party in interest under Rule 17(a)." 6A Charles Alan Wright and Arthur R. Miller, *Application of the Real Party in Interest Rule—Assignments*, Fed. Prac. & Proc. Juris. § 1545 (3d ed.) (citing *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 284 (2008)).

Not all assignments, of course, effect a change in the real party in interest. But "[w]hen all the rights to a claim have been assigned, courts generally have held that the assignor no longer may sue." *Id.* (citing *In re Maco Homes, Inc.*, 180 F.3d 163, 166 (4th Cir. 1999)); *Rodriguez v. Compass Shipping Co.*, 617 F.2d 955, 958 (2d Cir. 1980), aff'd, 451 U.S. 596 (1981)). There is likewise support for the proposition that "the assignee is the real party in interest" even when the

---

[4] Defendants contend that M.C.L. § 600.2014, not Rule 17(a), governs because the case was removed to this Court pursuant to its diversity jurisdiction. *See* Mot. Compel at 9 n.1. It is true that, under the *Erie* doctrine, state substantive law governs this matter. But federal courts exercising diversity jurisdiction must apply federal *procedural* law. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Admittedly, that distinction can be opaque. A rule is procedural "[i]f it governs only 'the matter and the means' by which the litigants' rights are 'enforced.'" *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010) (quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 446 (1946)). The real party in interest doctrine merely governs the means by which the claim must be brought (i.e. who can bring it); the doctrine does not alter the "'rules of decision by which [the] court will adjudicate'" the claim. *Id.* (quoting *Murphree*, 326 U.S. at 446). Thus, Rule 17(a) will be applied here and the Court will look to federal court interpretations of that Rule 17(a), not Michigan state court interpretations of § 600.2014, in resolving this motion.

claim "is not assigned until after the action has been instituted." 6A Charles Alan Wright and Arthur R. Miller, *Application of the Real Party in Interest Rule—Assignments*, Fed. Prac. & Proc. Juris. § 1545 (collecting cases). On the other hand, "partial" assignments and "the mere transfer of a general power of attorney" do not necessarily alter the real party in interest. *Id.* Gratiot Center has provided a document entitled "Limited Power of Attorney" which appoints Star Construction as "its Attorney-In-Fact" in this matter, but the nondisclosure of the underlying settlement agreement makes it unclear whether a full assignment also occurred. *See* Power Attorney, ECF No. 39, Ex. A. Defendants may not ultimately prevail on a defense premised on the real party in interest doctrine (they may not even formally assert that defense). But based on the limited facts known, it is a colorable argument. Given current procedural posture and the broad scope of discovery, Defendants cannot be required to accept Gratiot Center's representations regarding the irrelevance of the agreements as true.

This order should not be construed as an opinion on the underlying merits of any affirmative defense Defendants may assert. Indeed, as discussed above, the merits of the affirmative defenses referenced in the briefing have not been directly raised before the Court. Rather, the Court simply holds that Defendants have identified nonfrivolous lines of inquiry to which the agreements are relevant. Accordingly, Defendants' motion to compel will be granted.

However, because the agreements sought by Defendants are confidential, Gratiot Center is entitled to a protective order related to the documents in questions. Defendants have indicated a willingness to agree to such a protective order, *see* Prop. Prot. Order, ECF No. 38, Ex. 4. Gratiot Center will be directed to submit a proposed protective order (ideally one to which all the parties stipulate) by December 21, 2017. The documents sought by Defendants must be disclosed by January 5, 2018.

## III.

Accordingly, it is **ORDERED** that Defendants' motion to compel, ECF No. 38, is **GRANTED.**

It is further **ORDERED** that Plaintiff Gratiot Center is **DIRECTED** to submit a proposed protective order (if one is desired) **on or before December 21, 2017.** If the proposed protective order is not stipulated to by all parties, Plaintiff Gratiot Center should explain why concurrence was not obtained.

It is further **ORDERED** that Plaintiff Gratiot Center is **DIRECTED** to disclose the settlement agreement, joint prosecution agreement, and any other documents related to any transfer of interests between Gratiot Center and Star Construction in this matter **on or before January 5, 2018.**

Dated: December 11, 2017          s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 11, 2017.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager